## S00A0994. HOPKINS et al. v. HAMBY CORPORATION et al.
### (538 SE2d 37)

FLETCHER, Presiding Justice.

This appeal raises a question, of law concerning whether this state should adopt a rule allowing the partition of separate tracts of land in one proceeding, even though one party may have an interest in only one parcel, when the rights of the parties derive or descend from a cotenancy as a common source of title.[1] While this case was pending in this Court, the parties settled the case but did not withdraw their appeal. Since this case does not meet any exception to the mootness doctrine, we dismiss it as moot.

The general rule is that appellate courts do not consider moot questions.[2] Mootness is a question of court policy based on the theory that courts do not give opinions on abstract propositions of law that do not involve an actual controversy between parties.[3] We have adopted a narrow exception to the doctrine of mootness when the issue is capable of repetition and yet evades review.[4] Although the issue of severance in partition cases is capable of repetition, it would not necessarily evade review. Therefore, this case does not meet our narrow exception to the mootness doctrine.

Other states have adopted a rule that permits them to decide an appeal in a moot case where the case contains an issue of significant public concern or an issue that might avert future litigation.[5] The courts find justification for deciding issues raised in moot cases when (1) the public interest will be hurt if the question is not immediately decided; (2) the matter involved is likely to recur frequently; (3) it involves a duty of government or government's relationship with its citizens; and (4) the same difficulty that prevented the appeal from being heard in time is likely to again prevent a decision.[6] This appeal fails to meet any of these criteria. The dispute is a matter between private property owners, it is unlikely to occur on a frequent basis, and there should be sufficient time to resolve the procedural issue when it arises again. Therefore, the case does not present an issue of significant public concern that justifies our retaining jurisdiction and deciding the appeal despite the settlement of the underlying dispute.

---

[1] See *O'Neal v. Cooper*, 67 So. 689 (Ala. 1914); *Shoup v. Cummins*, 166 N.E. 118 (Ill. 1929); *Harlan v. Langham*, 69 Pa. 235 (1872); *Sproles v. Gray*, 296 SW2d 839 (Tenn. 1956); see generally Annotation, *Right to Partition of Different Tracts of Land in Same Proceeding*, 65 A.L.R. 887, 897 (1930) (discussing rule as an exception to general rule governing partitions and listing cases).

[2] See *Chastain v. Baker*, 255 Ga. 432 (339 SE2d 241) (1986).

[3] See *Allenbrand v. Zubin Darius Contractor*, 855 P2d 926 (Kan. 1993).

[4] See *Collins v. Lombard Corp.*, 270 Ga. 120 (508 SE2d 653) (1998).

[5] See, e.g., *Westark Christian Action Council v. Stodola*, 848 SW2d 935 (Ark. 1993).

[6] See *Lloyd v. Board of Supervisors*, 111 A2d 379 (Md. 1954) (citing authorities).

*Appeal dismissed. All the Justices concur.*

DECIDED OCTOBER 23, 2000.

*King & Croft, F. Carlton King, Jr., Thomas A. Croft, W. Rhett Tanner*, for appellants.
*Austin E. Catts, Lee & MacMillan, Thomas J. Lee*, for appellee.