**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

December 10, 2012

# In the Court of Appeals of Georgia

A12A1769. IN THE INTEREST OF T. H., a child.

ELLINGTON, Chief Judge.

The mother of six-year-old T. H. appeals from an order of the Juvenile Court of Fulton County in which the court ruled that the child was deprived. The mother contends that there was insufficient clear and convincing evidence to support the court's conclusion. It is unnecessary to reach the merits of this issue, however, because we conclude that it has been rendered moot by subsequent, unappealed deprivation and custody judgments in this case in the juvenile court, as explained below. Accordingly, this appeal is dismissed.

The record shows the following, undisputed facts. In March 2007, the Department of Health Services' Division of Children and Family Services ("the Department") obtained temporary custody of five-month-old T. H., whose sixteen-

year-old mother (the appellant herein) was already in the Department's custody and living in foster care. T. H. remained in the Department's custody through February 10, 2011, when the Department filed a deprivation petition in which it asserted that T. H. was still deprived. The juvenile court conducted a deprivation hearing in June 2011, and, on July 18, 2011, it issued an adjudication order in which it found T. H. deprived, extended the Department's temporary custody, and ordered that the Department continue reunification efforts. The order stated that it would expire on February 16, 2012, unless the court terminated it sooner. The mother filed a timely notice of appeal from this adjudication order on July 21, 2011.[1] However, this Court did not docket the appeal (hereinafter, "the instant appeal") until May 7, 2012. By that date, the February 2011 expiration date of the order had passed.

Significantly, in the time period between the issuance of the July 2011 order and the May 2012 docketing of this appeal, the juvenile court conducted various, standard proceedings in this ongoing deprivation and custody case. On July 19, 2011, two days before the mother filed the instant appeal from the adjudication order, the

---

[1] The putative father of T. H. failed to legitimate or provide for the child and is not a party to this appeal.

juvenile court conducted a disposition hearing.[2] On August 16, 2011, it issued a disposition order in which it reaffirmed its finding of T. H.'s deprivation and its grant of temporary custody to the Department. The disposition order stated that it would expire on February 16, 2012, unless the court terminated it sooner. The mother did not appeal from the disposition order.[3]

On January 4, 2012, in anticipation of the upcoming expiration of the July 2011 order at issue in this case, the Department filed a motion to extend its temporary custody of T. H. In the motion, the Department asserted that the conditions of deprivation previously found by the court "have not been alleviated [because] the mother is without independent housing or sufficient income," "is unable to independently care for the child," and is unable to provide the child with adequate care, control, supervision, home, or support, and, that as a result, T. H. is still in "need of a parent or proper and legal guardian or custodian." The court conducted a motion hearing on January 12, 2012, during which it accepted evidence on the issue of

[2] The July 2011 disposition hearing was not transcribed.

[3] In addition, in September and November 2011, the juvenile court conducted review hearings, and, on October 24 and December 9, 2011, it issued review orders extending the Department's custody of T. H. Each order stated that it would expire on February 16, 2012, unless the court terminated it sooner. The mother did not appeal from either order.

whether T. H. was deprived.[4] In its February 7, 2012 permanency order finding that

T. H. was still deprived and extending the Department's custody of her,[5] the court

stated that, during the hearing, "[t]he mother stipulated to the [Department's] Motion

to Extend as amended and *acknowledged that the allegations therein are true*."[6]

(Emphasis supplied.) The mother did not appeal from this order.

Turning to whether the mother's challenge to the July 2011 deprivation order

in the instant appeal has been rendered moot by the subsequent judgments in the

juvenile court, we are guided by the following principles:

> Consistent with its requirement that appellate courts address only those
> rulings that "may affect the proceedings below," OCGA § 5-6-34 (d)
> expressly provides that "[n]othing in this subsection shall require the
> appellate court to pass upon questions which are rendered moot." [Thus,
> the] general rule is that appellate courts do not consider moot questions.
> Mootness is a question of court policy based on the theory that courts do

---

[4] The mother did not file a transcript of the January 2012 hearing in the juvenile court, nor did she request that one be included in the appellate record.

[5] This order stated that it would expire on February 15, 2013, unless the court terminated it sooner.

[6] See *In the Interest of M. O.*, 233 Ga. App. 125, 128 (1) (503 SE2d 362) (1998) (Such a stipulation is an admission in judicio that "is conclusive and binding upon the party and estops the party from denying the admission or introducing any evidence to controvert such admission, even if the admission is not true.") (citations and punctuation omitted).

4

> not give opinions on abstract propositions of law that do not involve an actual controversy between parties.

(Citation and punctuation omitted.) *In the Interest of I. S.*, 278 Ga. 859, 861 (607 SE2d 546) (2005). See also OCGA § 5-6-48 (b) (3) ("No appeal shall be dismissed or its validity affected for any cause nor shall consideration of any enumerated error be refused, except . . . [w]here the questions presented have become moot."). Among the exceptions to the "mootness rule" are when a ruling addresses an issue of significant public concern; involves an alleged error that is capable of repetition in future proceedings, yet evades appellate review; or creates collateral consequences that will continue to plague the affected party. *In the Interest of I. S.*, 278 Ga. at 862; *In the Interest of J. R. P.*, 287 Ga. App. 621, 623 (1) (652 SE2d 206) (2007). The first of these exceptions does not appear to apply in this case.

Further, we conclude that the second exception is inapplicable, also, because the issue in the instant appeal (i.e., whether the juvenile court erred in finding that T. H. was deprived *in July 2011*) will not be the subject of repeated inquiries or judicial determinations in the future. It is axiomatic that each individual deprivation order must be supported by clear and convincing evidence that the child at issue is *currently* deprived, i.e., *at the time of the hearing.* See, e.g., *In the Interest of R. C.*

5

*M.*, 284 Ga. App. 791, 798 (III) (1), n. 6 (645 SE2d 363) (2007) (A juvenile court must determine whether a child *is* a deprived child *at the time of the hearing*, not whether the child *has ever been* a deprived child.). Thus, although the juvenile court may have taken judicial notice of its July 2011 deprivation order[7] during the January 2012 deprivation hearing, its legal conclusion that T. H. was deprived *in January 2012* had to be supported by additional evidence of such deprivation. See id.; see also *In the Interest of T. P.*, 291 Ga. App. 83, 85 (1) (661 SE2d 211) (2008) (concluding that the question of whether the evidence was sufficient to support a finding of deprivation was moot when the record showed that, a year after issuing the order on appeal, the juvenile court had conducted another deprivation hearing and had found the children deprived at that time based upon evidence received during that hearing). And, given the lack of a transcript of the January 2012 hearing that shows what evidence was presented therein, as well as her failure to appeal from the resulting deprivation order, the mother is precluded from asserting in the instant appeal that there was insufficient evidence to support the court's finding that T. H. was deprived at that time. See *In the Interest of I. S.*, 278 Ga. at 861, n. 6 (When parents do not

---

[7] "A court may take judicial notice of records in the same court." (Punctuation and footnote omitted.) *In the Interest of J. P. V.*, 261 Ga. App. 194, 196 (2) (582 SE2d 170) (2003).

appeal a deprivation order, they are bound by the juvenile court's determination that their children were deprived.); *In the Interest of C. J.*, 279 Ga. App. 213, 216 (1) (630 SE2d 836) (2006) (Because the mother never appealed any of the juvenile court's orders finding that her child was deprived and extending custody, she is bound by the juvenile court's finding of deprivation.).[8]

Finally, the third mootness exception – that the ruling creates collateral consequences that will continue to plague the affected party – is inapplicable here, because there are numerous, subsequent, unappealed orders in the record in which the juvenile court concluded that T. H. was deprived. Thus, even if this Court addressed the merits of the instant appeal and concluded that the juvenile court erred in finding that T. H. was deprived *in July 2011*, the mother would *still* be bound by the juvenile court's determinations that T. H. was deprived in the months thereafter. It follows that the potentially detrimental effect of those unappealed orders will not change *regardless* of an appellate ruling in the instant case. Consequently, we discern no

---

[8] See also *Self v. State*, 232 Ga. App. 735, 737 (3) (503 SE2d 625) (1998) ("It is incumbent upon [the mother], as appellant, to provide this Court with a record from which we can ascertain whether the trial court correctly ruled upon [the Department's] motion, and mere assertions of error in her brief do not suffice. In the absence of a sufficient record, we must assume that the trial court's ruling was proper[.]") (citations and punctuation omitted).

future collateral consequences to the mother that could arise solely from this Court's failure to consider the order on appeal. See, generally, *In the Interest of I. S.*, 278 Ga. at 862 (The Supreme Court acknowledged that, although a matter does not become moot if adverse consequences continue to plague the affected party, the appellants failed to show any such adverse consequences on the record, and the Court declined to presume them under the circumstances presented. Thus, the Court concluded that the collateral consequences exception to the mootness rule did not apply.); *In the Interest of J. R. P.*, 287 Ga. App. at 623 (1) (accord).

Accordingly, we dismiss this appeal as moot. OCGA § 5-6-48 (b) (3); *In the Interest of T. P.*, 291 Ga. App. at 85 (1).

*Appeal dismissed. Phipps, P. J., and Dillard, J., concur.*