**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 3, 2013**

# In the Court of Appeals of Georgia

A13A0162. IN THE INTEREST OF L. A., a child.

RAY, Judge.

The father of now one-year-old L. A. appeals from a dispositional order of the Juvenile Court of Walton County in which the court ruled that the child was deprived as to him. The father contends that the court based its ruling on facts that were not in evidence, improperly shifted the burden of proof, applied the wrong legal standard, and supplanted Georgia law with its own judgment. For the following reasons, we vacate the finding of deprivation as to the father and remand with direction.

As a threshold matter, we note that the appellee's brief indicates that, subsequent to the docketing of this appeal, the juvenile court issued another disposition order finding that L. A. is no longer deprived as to the father and transferring custody of L. A. to him for a period of two years. However, such order

is not in the record on appeal. And as the earlier finding of deprivation may have future collateral consequences against the father - i.e., in petitioning another court for permanent custody - we decline to dismiss the appeal as moot. See generally *In the Interest of T. H.*, 319 Ga. App. 216, 218-220 (735 SE2d 287) (2012).

The record shows the following, undisputed facts. On June 6, 2012, the mother of then three-month-old L. A. was arrested for battery, cruelty to children, and obstruction. A subsequent medical examination revealed that L. A. had suffered recent and significant physical injuries. On June 8, 2012, the Department of Family and Children Services ("DFACS") obtained an order for shelter care, and later obtained temporary custody of L. A. pending a deprivation hearing. On June 14, 2012, DFACS filed a deprivation petition against the mother. At that time, the biological father had not legitimated the child and had not yet been involved in the child's life.

The juvenile court conducted a deprivation hearing on June 20, 2012, during which the father was present. At the hearing, the mother stipulated to a finding of deprivation based on L. A.'s unexplained, recent injuries which were consistent with child abuse, the mother's mental issues, substance abuse, and instability. Thereafter, the juvenile court entered a provisional order finding L. A. to be deprived as to the

mother and placing the child in the temporary custody of DFACS. The juvenile court scheduled a hearing for July 9, 2012, to receive evidence of deprivation as to the biological father and to make a final disposition concerning the custody of L. A. On July 6, 2012, the father filed a petition to legitimate L. A., to which the mother consented.

At the hearing on July 9, 2012, the juvenile court granted the father's petition to legitimate and received sworn testimony from two witnesses regarding custody: L. A.'s mother and Alissa Heil, a caseworker for DFACS. Heil testified that she had conducted a home evaluation on the father and that the father lived with his alleged common-law wife with whom he has two older children. Heil further testified that she had inquired about the father's child care arrangements for L. A. and was satisfied that the father was adequately prepared to take care of the child. The mother testified that she had known and previously lived with L. A.'s father for approximately two years, during a period in which he was separated from his alleged wife. Although the mother testified that the father had paid for everything during their time together, including rent, utility bills, and groceries, she further testified she would feel very uncomfortable with the father's wife being around L. A.

No other testimony or evidence related to the father's ability to care for L. A. was presented at the hearing on July 9, 2012, and a review of the hearing transcript reveals that the remainder of the proceeding consisted of arguments and discussions between the court, DFACS personnel, court-appointed special advocates ("CASAs"), and counsel for the parties. At the outset of the hearing, counsel for DFACS stated that an evaluation of the father had been conducted and that DFACS did not have any concerns about the father's home or his ability to care for L. A. Accordingly, DFACS recommended that custody be transferred to the father. The juvenile court expressed concerns about placing L. A. with the father because he didn't know anything about the child. The guardian ad litem for the child stated that her only concerns were about L. A.'s medical issues and whether the father would be able to care for the child during the day, but she further stated that she would not be opposed to custody being transferred to the father. Heil advised the juvenile court that L. A. had no long-term problems from the physical injuries she sustained that led to her initial placement in DFACS custody. The juvenile court expressed concerns about possible conflicts between the mother, the father's wife, and the child, the father's ability to care for an infant, and the father's failure to pay for the medical expenses during the mother's pregnancy. The father's counsel argued that there was no evidence of deprivation on

4

the part of the father and that there was no legal basis to keep L. A. from his custody, which the juvenile court conceded. Nevertheless, citing concerns with the father's relationship with L. A. and the family situation in general, the juvenile court found L. A. to be deprived as to the father and left the child in the custody of DFACS, with placement with the father until a review hearing could be held in 60 days. Notably, the juvenile court acknowledged that "evidently there's no deprivation on [the father's] side" and stated that the father would "probably win on appeal" with regard to its ruling on the deprivation issue.

1. The father contends that the juvenile court's finding of deprivation was in error because there was no evidence presented at the hearing to support its finding. We agree.

This appeal concerns a dispositional order rather than a deprivation order. In order to be a valid dispositional order, the child who is the subject of the order must be found to be "deprived." OCGA § 15-11-55 (a). See also *In the Interest of R.J.M.*, 295 Ga. App. 886, 889 (1) (673 SE2d 527) (2009). Under Georgia law, a deprived child is defined as a child who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals[.]" OCGA § 15-11-2 (8) (A).

5

In addition, a "deprived child" is one who "[h]as been abandoned by his or her parents or other legal custodian" or "[i]s without a parent, guardian, or custodian." OCGA § 15-11-2 (8) (C) and (D). A finding of deprivation must be supported by clear and convincing evidence. *In the Interest of J. W.*, 271 Ga. App. 518, 520-521 (610 SE2d 144) (2005).

As acknowledged by the juvenile court, there was no evidence presented during the dispositional hearing on July 9, 2012, regarding any deprivation of L. A. on the part of the father. In its dispositional order, the juvenile court made no specific factual findings that L. A. was deprived as to the father. The court merely listed reasons as to why it was declining to transfer custody to him and stated that it "finds the child deprived as [to] the [f]ather due to the child's current needs and welfare." This finding was not supported by any evidence.

The juvenile court is required to set forth the findings of fact upon which it bases its finding of deprivation, and it must base its finding of deprivation on clear and convincing evidence. *In the Interest of T. D.*, 309 Ga. App. 9, 13 (1) and (2) (709 SE2d 883) (2011). As the juvenile court failed to do either in this case, we vacate its finding of deprivation as to the father and remand the case to the juvenile court with

6

direction to conduct further proceedings, if necessary, not inconsistent with this opinion.

2. In light of our holding in Division 1, we do not address the father's remaining enumerations of error.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Miller, J., concur.*

7