# Court of Appeals
# of the State of Georgia

ATLANTA,   July 15, 2013

*The Court of Appeals hereby passes the following order:*

## A13A0476. WI-SKY INFLIGHT INC. v. LEABMAN et al.

On February 7, 2013, appellant Wi-SKY Inflight, Inc. ("Wi-SKY") and the other parties in this appeal entered into a stipulation reciting that "the parties have agreed to settle this case and all related cases, as manifested by the Memorandum of Understanding executed on February 4, 2013." See *Lufthansa Systems Infratec GmbH v. Wi-SKY Inflight, Inc., et al.,* Civ. Action No. 3:10CV745 (E.D. Va. Feb. 7, 2013) (the "Eastern District of Virginia case").[1] The stipulation further recited that "the Memorandum of Understanding provides that a final settlement agreement and Stipulation of Dismissal with prejudice will be entered no later than 10 days following the resolution of the claims pending in the Bankruptcy Court for the Northern District of Georgia." Subsequently, upon request by this Court, counsel for Wi-SKY confirmed by letter that although the parties have entered into a "Memorandum of Understanding" outlining the parameters of the settlement, the parties remain in negotiations regarding the language of the final settlement release. Wi-SKY also confirmed that the proposed settlement in the Eastern District of Virginia case would include this case on appeal.

This Court does not render advisory opinions. See *Hopkins v. Hamby Corp.,* 273 Ga. 19 (538 SE2d 37) (2000) ("The general rule is that appellate courts do not

---

[1] Although this Court does not usually take notice of matters outside the appellate record, we consider this situation analogous to cases in which we receive notice that an automatic stay has been entered in a bankruptcy court affecting our ability to render an opinion on a pending appeal in this Court.

consider moot questions. Mootness is a question of court policy based on the theory that courts do not give opinions on abstract propositions of law that do not involve an actual controversy between parties [even under the guise of statutory interpretation].") (Footnotes omitted.) Accordingly, we find that there exists grave doubt about whether the issues presented for resolution in this appeal remain viable given the purported settlement.

IT IS HEREBY ORDERED that the case be REMANDED to the trial court for an evidentiary hearing to determine whether the case has been settled and therefore the issues presented on appeal have become moot. If the trial court should determine that there has not been a settlement, we direct that the trial court further consider the effect of the stipulated stay of the Eastern District of Virginia case on the issues raised in this appeal, that is, whether under Georgia's first-filed rule, OCGA § 9-2-46 (a),[2] the trial in this case should be accelerated. The parties shall have the right to pursue an appeal upon disposition of these issues in the trial court.

---

[2] OCGA : 9-2-46 (a) provides:

Whenever it is made to appear to the judge of any court that any party to a case pending in the court, after the case has been commenced, has instituted proceedings in any court of any other state involving the same controversy or cause of action, or in which the judgment which might be rendered in the other state might be pleadable in the case in this state as affecting the relief sought, it shall be the duty of the judge of the court in which the case is pending to set the case specially and ahead of all other business for trial as the first case at the next ensuing term of the court, except for other cases having precedence for the same reason.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* 07/15/2013
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*