# Court of Appeals
# of the State of Georgia

ATLANTA,   April 23, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1196.  IN THE INTEREST OF C. M., M. H., T. L. and J. L., children;**
**A14A1197.  IN THE INTEREST OF C. M., M. H., T. L. and J. L., children;**
**A14A1198.  IN THE INTEREST OF C. M., a child.**

In Case Numbers A14A1196 and A14A1197, respectively, the mother and father of C. M., M. H., T. L., and J. L. appeal a November 28, 2012 order of the juvenile court finding the children deprived. In Case Number A14A1198, the father appeals an April 9, 2013 order of the same court finding C. M. deprived. All three appeals were docketed on March 4, 2014, and appellants timely filed enumerations of error and briefs on March 24, 2014.

On March 25, 2014, the juvenile court entered an order returning the children to their mother's custody, finding that the children were no longer deprived. In light of this order, the State has filed motions in all three cases, arguing that the appeals should be dismissed as moot. However, in Case Numbers A14A1197 and A14A1198, the father filed a response challenging the State's motions. Nevertheless, we agree that the above-referenced appeals are moot.

The Supreme Court of Georgia has held that "[c]onsistent with its requirement that appellate courts address only those rulings that 'may affect the proceedings below,' OCGA § 5-6-34 (d) expressly provides that '[n]othing in this subsection shall require the appellate court to pass upon questions which are rendered moot.'" *In the Interest of I. S.*, 278 Ga. 859, 861 (607 SE2d 546) (2005). Consequently, "the general rule is that appellate courts do not consider moot questions." *Id.* Specifically, "[m]ootness is a question of court policy based on the theory that courts do not give opinions on abstract propositions of law that do not involve an actual controversy

between parties." *Id.* Included in "the exceptions to the 'mootness rule' are when a ruling addresses an issue of significant public concern; involves an alleged error that is capable of repetition in future proceedings, yet evades appellate review; or creates collateral consequences that will continue to plague the affected party." *In the Interest of T. H.*, 319 Ga. App. 216, 218 (735 SE2d 287) (2012).

The father contends that all three of the above-mentioned exceptions to the mootness rule apply here, but we disagree. First, while C. M. is the father's biological child, the father has no biological or legal relationship with the other children and has never had custody of any of the children. Regardless, and contrary to the implications in the father's argument, we are aware of no law that automatically precludes parents with mental health issues from ever having custody of their children. Thus, although the "deprivation order is undoubtedly of great concern to [the father], the case does not contain an issue of significant public concern." *In the Interest of I. S.*, 278 Ga. at 862.

Furthermore, we conclude that the remaining exceptions are also inapplicable because the issue in the instant appeals (*i.e.*, whether the juvenile court erred in finding the children were deprived in November 2012 and April 2013) "will not be the subject of repeated inquiries or judicial determinations in the future." *In the Interest of T. H.*, 319 Ga. App. at 219. Indeed, "[i]t is axiomatic that each individual deprivation order must be supported by clear and convincing evidence that the child at issue is *currently* deprived, *i.e.*, *at the time of the hearing*." *Id.* Consequently, any possible future deprivation order must be supported by additional evidence of *current* deprivation. *See id.*

Moreover, even if the deprivation orders at issue here were to be considered by the juvenile court in a future deprivation proceeding, a party may challenge the propriety of an earlier, unappealed deprivation order in the course of a timely direct appeal from a subsequent deprivation order. *See In the Interest of I. S.*, 278 Ga. at 860. Given these circumstances, we find that the issues in Case Numbers A14A1196; A14A1197; and A14A1198 are moot. Accordingly, we hereby DISMISS those appeals.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,* 04/23/2014
　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*