**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS, J., and RAY, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 7, 2018**

# In the Court of Appeals of Georgia

A18A0306. IN THE INTEREST OF S. A. D. et al., children.
A18A0307. IN THE INTEREST OF L. A. D. et al., children.

MILLER, Presiding Judge.

In these two appeals, the mothers of the respective six children challenge the juvenile court's order transferring custody of their children to the Walton County Department of Family and Children Services ("DFCS") following the mothers' voluntary surrender of the children to the paternal grandparents for adoption. The mothers contend that the juvenile court lacked authority to terminate their parental rights and order the children surrendered to DFCS rather than the paternal grandparents who the mothers had designated in their respective surrenders. After the juvenile court issued its order, the children were nevertheless adopted by the paternal

grandparents.[1] Because the children have been adopted by the grandparents, and this was the very relief the mothers sought and to which they consented, there is no error left for this Court to correct. As a result, the mothers' claims on appeal are moot, and we therefore dismiss these appeals.

The records show that Larry Denmark, Jr., is the father of all six children.[2] The mother of S. A. D., M. A. D., and S. P. D., is Whipharat Mongkol, who has lived in Thailand for the entirety of these proceedings. The mother of L. A. D., E. A. D., and A. A. D. is Supranee Denmark. Supranee and Larry are married and had custody of all of the children.

In May of 2014, the juvenile court entered a dependency removal order for all six children based on evidence of abuse and neglect, and the children were placed in foster care. Larry subsequently pled guilty to cruelty to children and simple battery, and he stipulated that the children were dependent. Thereafter, DFCS filed a petition

---

[1] The father's parental rights to all six children were terminated in a separate order. He is not a party to this appeal.

[2] The father has another biological child who is not the biological child of either appellant. At the time of the proceedings, this child was in foster care. Although he was removed from the home along with the other six children, his removal is not challenged on appeal.

for termination of the father's and both mothers' parental rights. In 2015, the juvenile court terminated the father's parental rights.

Thereafter, the paternal grandparents filed a petition for custody and sought to intervene in the pending termination cases. In May of 2016, while the termination cases were still pending, the mothers surrendered their parental rights to the paternal grandparents with the intent that the grandparents would adopt the children. DFCS objected to allowing the grandparents to have custody. At a hearing, the juvenile court found that the mothers' surrender of parental rights was a full and final surrender, leaving the mothers with no residual rights or standing to participate in the children's placement. The juvenile court further found that continued placement in DFCS custody was appropriate, and that DFCS had the right to consent to – or oppose – the adoption. The following month, in September 2016, the grandparents adopted the children.

The mothers appeal, challenging only the juvenile court's authority to dictate the terms of the surrender. Because the children have been adopted by the grandparents, however, we must dismiss this appeal as moot.

It is well settled that "appellate courts address only those rulings that may affect the proceedings below." (Punctuation omitted.) *In the Interest of I. S.*, 278 Ga.

859, 861 (607 SE2d 546) (2005). "The general rule is that appellate courts do not consider moot questions. Mootness is a question of court policy based on the theory that courts do not give opinions on abstract propositions of law that do not involve an actual controversy between parties." (Citation omitted.) Id. "The existence of an actual controversy is fundamental to a decision on the merits by th[e] court." (Citation omitted.) Id. Indeed, OCGA § 5-6-34 (d) expressly provides that "[n]othing in this subsection shall require the appellate court to pass upon questions which are rendered moot." See also OCGA § 5-6-48 (b) (3) ("No appeal shall be dismissed or its validity affected for any cause nor shall consideration of any enumerated error be refused, except . . . [w]here the questions presented have become moot.").

Here, it is undisputed that since the juvenile court entered its order, the children have been adopted by the grandparents as the mother had wanted. Thus, there is no ruling from this Court that would affect the proceedings below. Nor is there an actual controversy remaining between the parties. The mothers' appeals are thus moot. *Boyd v. Harvey*, 173 Ga. App. 581, 584 (2) (327 SE2d 551) (1985) (grant of adoption petition based on children's best interest mooted claim of error arising from denial of legitimation petition).

4

Moreover, none of the exceptions to the mootness doctrine apply to this case. *In the Interest of T. H.*, 319 Ga. App. 216, 218 (735 SE2d 287) (2012) (noting the mootness exceptions as: "when a ruling addresses an issue of significant public concern; involves an alleged error that is capable of repetition in future proceedings, yet evades appellate review; or creates collateral consequences that will continue to plague the affected party.") (citation omitted).

As to whether the case involves an issue of public concern that would enable this Court to hear the appeal, we have explained that this exception applies where "(1) the public interest will be hurt if the question is not immediately decided; (2) the matter involved is likely to recur frequently; (3) it involves a duty of government or government's relationship with its citizens; and (4) the same difficulty that prevented the appeal from being heard in time is likely to again prevent a decision." *Hopkins v. Hamby Corp.*, 273 Ga. 19 (538 SE2d 37) (2000). We do not find that the circumstances here fall within this mootness exception. Compare *Perdue v. Baker*, 277 Ga. 1, 3 (586 SE2d 606) (2003) (dispute between governor and attorney general regarding allocation of powers is matter of significant public concern).

Second, we cannot conclude that the alleged error is capable of repetition yet evading review. Should the juvenile court issue an order in similar fashion to the

5

order issued in this case, the parties in that case would have the right and ability to appeal from that order. See *Hopkins*, supra, 273 Ga. at 19 (case related to partitioning of land, in which the parties settled their dispute, was capable of repetition but would not necessarily evade review).

Finally, there are no continuing collateral consequences arising from the juvenile court's order. The mothers had surrendered the children and consented to the adoption, and it cannot be said that the juvenile court's order has resulted in any collateral consequences that will continue to plague the mothers. See generally, *In the Interest of I. S.*, supra, 278 Ga. at 862 (appellants failed to show any such adverse consequences on the record, and the Court declined to presume them under the circumstances presented); *In the Interest of T. H.*, supra, 319 Ga. App. at 220 (no collateral consequences where there were other unappealed orders in the record that would remain regardless of any ruling in the instant case).

Accordingly, because there is nothing left to decide in these cases, and no controversy remaining between the parties, we dismiss these appeals as moot.

*Appeals dismissed. Andrews and Ray, JJ., concur.*