# Court of Appeals
# of the State of Georgia

ATLANTA,  February 17, 2023

*The Court of Appeals hereby passes the following order:*

**A22A1239, A22A1240.  IN THE INTEREST OF J. V., A CHILD (FATHER); and IN THE INTEREST OF J. V. (MOTHER).**

These companion appeals were docketed on April 1, 2022. Appellants, the biological and legal parents of J. V., a minor child who had earlier been deemed dependent, challenge the juvenile court's ruling in the initial review hearing of that dependency. Appellants argue that the court erred in allowing appellee, the Chatham County Department of Family and Children Services ("DFCS"), to develop the family's case plan without appellants' input as required by OCGA § 15-11-201 (b), and in determining that DFCS complied with OCGA § 15-11-200 (d) (2) by e-mailing the case plan to appellants' attorneys instead of to the parents directly.

Appellants' notices of appeal were filed after the juvenile court issued an oral ruling at the initial review hearing but prior to the court issuing its written order. Although "i[t] is well settled that a judgment must be entered before an appeal is taken," *In the Interest of S. W.*, 363 Ga. App. 666, 672 (3) (872 SE2d 316) (2022), the premature notices of appeal ripened once the written order was subsequently entered. See *Wilson v. S. Railway*, 208 Ga. App. 598, 599-600 (1) (431 SE2d 383) (1993).

The record shows that in August 2021, the juvenile court entered a written order finding that J. V. remained dependent and continuing DFCS's temporary custody of J. V. The juvenile court's August 2021 order also specifically ordered DFCS to revise the family's case plan with appellants' input, to circulate the revised

case plan to the parties, and to translate the case plan and any future proposed case plan into Spanish for J. V.'s father, who does not speak English.

The juvenile court continued to have jurisdiction over this case. See OCGA § 15-11-35 (where final judgments of the juvenile court are appealed, "no such judgment or order shall be superseded or modified except in the discretion of the trial court; rather, the judgment or order of the court shall stand until reversed or modified by the reviewing court[,]" and "the court shall continue to conduct hearings and issue orders" while the appeal is pending).

The record reflects that on September 23, 2021, the juvenile court held a permanency hearing regarding the child's dependency, and in October 2021 issued a written order finding that the child remained dependent and continuing temporary custody with DFCS.

The court also found that DFCS had made reasonable efforts toward the existing case plan of reunification and that the case plan had been translated into Spanish since the last hearing, but that the case plan would be changed to concurrent due to appellants' discussion with DFCS of a voluntary surrender of their parental rights if J. V.'s current foster parent adopted him. This order has not been appealed.

Because the juvenile court has ordered that DFCS revise the case plan with appellants' input and has further ordered that the revised case plan be circulated to the parties, it is apparent that appellants have obtained, through the juvenile court, the same relief they seek in this Court. As a result, appellants' claims on appeal are moot and these appeals are therefore DISMISSED. See *Jayko v. State*, 335 Ga. App. 684, 685 (782 SE2d 788) (2016) ("When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed."); *In the Interest of T.H.*, 319 Ga. App. 216, 218 (735 SE2d 287) (2012) (challenge to dependency order rendered moot by subsequent judgments in the juvenile court finding the child

dependent).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __02/17/2023__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_ , *Clerk.*