# Court of Appeals
# of the State of Georgia

ATLANTA,  May 03, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0602.  IN THE INTEREST OF J. L. H., A CHILD (FATHER).**

This dependency action has appeared before the Court previously. In the prior appeal, the father, Nathon Higgins, challenged the juvenile court's June 2021 order discontinuing his reunification services. By order, we remanded the case for the juvenile court to clarify whether the father had standing to challenge the nonreunification order. We further noted that the father's appeal might have been rendered moot because the juvenile court had ordered the resumption of reunification services. On remand, the juvenile court determined that the father had lacked standing to pursue the prior appeal because he had not yet legitimated the child at the time of the appeal. The court further ruled that although the child had since been legitimated, the father's challenge to the nonreunification order was moot because reunification services had resumed. The father appeals again, raising numerous issues with the nonreunification and remand orders.

This appeal has been rendered moot because reunification services have resumed by order of the juvenile court. "The general rule is that appellate courts do not consider moot questions. Mootness is a question of court policy based on the theory that courts do not give opinions on abstract propositions of law that do not involve an actual controversy between parties." *In the Interest of I. S.*, 278 Ga. 859, 861 (607 SE2d 546) (2005). Customarily, therefore, we do not issue rulings that have no potential to affect the proceedings below. Id. at 862. An appellate ruling addressing the propriety of the nonreunification order or the father's standing to challenge that order has no potential to affect the proceedings below because the juvenile court has ordered the resumption of reunifications services. Id. (appellants'

challenge to the juvenile court's deprivation order was moot because they had regained custody of the child).

Further, the exceptions to the mootness doctrine do not apply to this case. "While the propriety of the [nonreunification order] is undoubtedly of great concern to [the father], the case does not contain an issue of significant public concern, nor does it come within the narrow exception to the doctrine of mootness when the issue is capable of repetition and yet evades review." *In the Interest of I. S.*, supra, 278 Ga. at 862. Although the father claims that he faces collateral consequences from the findings in the nonreunification order, this argument is unsubstantiated. In the nonreunification order, the juvenile court determined that nonreunification was appropriate as to the father because the child remained dependent and returning to the home would be contrary to his welfare; the father had not resolved his substance abuse issues through treatment; he lacked appropriate housing; and he was not making significant progress with his case plan. Importantly, however, the court repeated similar findings in the *reunification* order that was entered a few months later, and these findings were entered "[w]ith the consent of the parties [and] attorneys[.]" Because the father would still be bound by the findings in the reunification order, the potentially detrimental effect of the reunification order will not change regardless of any appellate ruling that we issue pertaining to the nonreunification order. *In the Interest of T. H.*, 319 Ga. App. 216, 220 (735 SE2d 287) (2012) (juvenile court's deprivation finding was moot because the mother would still be bound by subsequent orders that declared the child to be deprived). Consequently, the father has not identified any future collateral consequences that could arise from this Court's failure to consider the nonreunification order on appeal. Id.

Accordingly, the above-captioned appeal is hereby DISMISSED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/03/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , Clerk.