S10A1599, S10A1600. DRAUGHN v. DRAUGHN (two cases).
(707 SE2d 52)

BENHAM, Justice.

We granted the application for discretionary review filed by appellant Angel Draughn (hereinafter "Mother") from the trial court's February 2010 order terminating the child-support obligation of appellee Clifford Draughn (hereinafter "Father") with regard to the 18-year-old son of the parties for whom Father had agreed to pay monthly support until the child

> reaches the age of eighteen . . . ; provided that if [the child] becomes eighteen years old while enrolled in and attending a secondary school on a full time basis, then the child support shall continue for [said child] until he has graduated from secondary school or reaches the age of twenty, whichever comes first.

The child turned eighteen on April 21, 2009. The February 22, 2010 order was entered simultaneously in two actions, one initiated by Father's petition for declaratory judgment and the other initiated by Mother's petition for a finding of contempt.

In its order terminating the child support obligation, the trial court saw the determinative question as being whether the child was "actually attending school" following his eighteenth birthday. The trial court found that, in February 2009, the child had stopped attending the private high school in which he was enrolled and, with the agreement of his private school, had enrolled in an online

high-school program with the assurance he would graduate as a student of his private high school upon completion of the online coursework. However, the child did not complete the coursework and did not graduate from the private high school.

In its order, the trial court stated it "does not find that an online class satisfies the requirement of 'attend' as per the agreed-upon language in the child support modification clause. . . ." However, the trial court did not enter a judgment based on that finding. Instead, the trial court went on to assume, for the sake of argument, that "virtual attendance" in an online class could satisfy the prerequisite that the child be "attending" school, and found that the child failed to attend school on a full-time basis after June 9, 2009, and that Mother had failed to carry her burden of presenting "a possible defense" to the child's failure to attend school full time after June 9. As a result, the trial court found that the child abandoned his status as a full-time student enrolled in and attending a secondary school on June 9. Based on these findings, the trial court terminated Father's child-support obligation as of July 1 and found him in contempt for his failure to pay child support for May and June 2009. In granting the application to review the trial court's order, we expressed interest in whether a child's enrollment in an online class may satisfy the requirement of "attending" school and whether, under the terms of the child-support modification order, the trial court was required to determine whether the child was enrolled in and attending full time a secondary school as of the date of the child's eighteenth birthday.

1. The trial court initially found that the child's enrollment in online courses did not satisfy the modification order's requirement that the child "attend" school in order to have Father pay child support beyond the child's attainment of majority. While the trial court did not base its judgment on this finding,[1] we asked the parties to address the correctness of the trial court's statement.

In 2005, the Georgia General Assembly enacted OCGA § 20-2-319.1, thereby authorizing the Georgia State Board of Education to establish the Georgia Virtual School "whereby students [age 21 or younger] may enroll in state funded courses via the Internet or in any other manner not involving on-site interaction with a teacher." OCGA § 20-2-319.1 (a). Acting pursuant to the authority given it by the statute, the State Board of Education has promulgated rules and regulations concerning the process to be followed by students registered in public or private schools or a home study

---

[1] The trial court rendered its judgments upon the assumption that enrollment in online courses satisfied the modification order's requirement of attendance. See Division 2, infra.

program to enroll in courses provided by the Georgia Virtual School Program and approved entities. Rules and Regulations of the State of Georgia, Georgia Department of Education, Instructional Technology, r. 160-8-1-.01. In light of the legislative and executive branches' endorsement and regulation of online learning opportunities for Georgia students, we conclude that once a child enrolls in approved online courses in an effort to graduate from secondary school, his online attendance constitutes "attending school" for purposes of extending child support beyond the child's attainment of the age of majority.

2. In support of the trial court's alternate ruling that Father's child support obligation ended in June 2009 when the child was no longer attending school, Father asserts that the trial court's termination of child support as of July 1 was correct since the child was not in continuous attendance at school through July 31. However, the parties' agreement incorporated into the modification order did not require the child's "continuous" attendance in school during the summer months, but required only his "full-time" attendance in school. In *Bullard v. Swafford*, 279 Ga. 577 (619 SE2d 665) (2005), a trial court had incorporated into its final judgment of divorce a parental agreement identical to the one at issue in the case before us and, just as in the case before us, the child attained the age of majority before completing his secondary education. Employing an earlier holding construing the phrase "full-time student" as meaning "continuous attendance during the normal school year," this Court held that the requirement that the child be a "full-time student" did not entail his attendance in school during the summer months of a normal school year. Id. at 581. We stated in *Bullard* that

> the plain language in the agreement shows that the parties clearly contemplated, for whatever reason, that it might take beyond their son's eighteenth birthday for him to finish secondary school, and that the father's support would continue until the son reached twenty should that be necessary [for the child to complete his secondary education].

Id. at 581. In light of our holdings in *Bullard* as to what the parties' incorporated agreement contemplated and that full-time school does not require attendance in school during the summer months, the trial court erred as a matter of law when it determined that Father's child-support obligation terminated because the child was not enrolled in and attending school on a full-time basis between June 9, 2009 and August 2009.

3. We address next whether, under the terms of the child-support

modification order, the trial court was required to determine if the child was enrolled in and attending full time a secondary school as of the date of the child's eighteenth birthday.

In the case at bar, the child's attainment of his eighteenth birthday was acknowledged by the trial court as a pivotal moment: the court noted April 21 as the child's eighteenth birthday and found that Father had proved that the child, after attaining the age of eighteen, failed to attend school on a full-time basis after June 9. While the trial court did not make an express finding that the child was enrolled in and attending high school on a full-time basis on the day he turned eighteen, the trial court found the child to be "a full-time student in attendance in his courses until [June 9, 2009]." "Until" is "a word of limitation" meaning "up to time of" (Black's Law Dictionary (Rev. 4th ed. 1968)), "implying cessation or reversal at that time." Webster's New International Dictionary (2nd ed. unabridged, 1968). Thus, the trial court's express finding that the child was a full-time student until June 9 constitutes an implicit determination that the child was a full-time student on April 21, the day he turned eighteen, since April 21 precedes June 9.

4. Mother contends that the 2008 order modifying the child support award required Father to pay monthly child support until the child graduated from high school or reached age 20 because the child was enrolled as a full-time student on the day he turned 18.

Parents have a duty to provide support for their minor child until the child "reaches the age of majority [18], dies, marries, or becomes emancipated. . . ." OCGA § 19-6-15 (e). However, a trial court may exercise its discretion in an order awarding or modifying an award of child support and

> direct either or both parents to provide financial assistance to a child who has not previously married or become emancipated, who is enrolled in and attending a secondary school, and who has attained the age of majority before completing his or her secondary education, provided that such financial assistance shall not be required after a child attains 20 years of age.

Id. In the case at bar, the trial court, acting pursuant to the agreement of the parents, extended Father's payment of child support for their son beyond his eighteenth birthday until he graduated from secondary school or reached twenty years of age, provided he turned eighteen while enrolled in and attending secondary school on a full-time basis. The purpose of the statute and the parties' agreement incorporated into the 2008 modification order is to have parents "continue to provide financial assistance to a child

who has reached the age of majority to enable a child to complete his or her secondary school education. . . ." Ga. L. 1992, p. 1833. See also *Bullard v. Swafford*, supra, 279 Ga. at 581 ("The aim of the support provision [in accord with the statute] is to facilitate the child's completion of secondary school."). In enacting the statute, the General Assembly recognized the importance of a child completing a secondary education and parental responsibility to assist a child in achieving that goal. These policies are also recognized by the trial court's incorporation of the parties' agreement into the modified child support order. It is not the purpose of the statute or the parties' agreement to award child support beyond the child's attainment of majority solely because the child attained majority status while enrolled in high school; rather, reaching majority while still engaged in secondary education is the factor that triggers an award of child support that extends beyond a child's attainment of majority status for so long as the child is engaged in pursuing his secondary education, i.e., for so long as the child is enrolled in and attending a secondary school (OCGA § 19-6-15 (e)) or, as the parties before us agreed, the child "is enrolled in and attending secondary school on a full-time basis. . . ." The trial court was not required to base its determination concerning the continuation of child support beyond the child's attainment of the age of majority solely on whether the child was enrolled in and attending high school on his eighteenth birthday.

5. In light of our reversal of the judgments of the trial court, we need not address Mother's contention that the trial court erred when it did not determine the impact, if any, of the child's medical condition on his ability to meet the standards set by the parties' agreement incorporated into the trial court's order to obtain parental financial support beyond reaching age eighteen in order to complete his secondary schooling.

*Judgments reversed. All the Justices concur.*

DECIDED MARCH 7, 2011.

*Howard & Whatley, Molly M. Howard, Victoria H. Tobin,* for appellant.

*McCorkle & Johnson, Kenneth P. Johnson,* for appellee.