## A11A0357. FRANCIS-ROLLE v. HARVEY.
(710 SE2d 659)

ANDREWS, Judge.

Sonia Francis-Rolle appeals pro se from the final order of the superior court granting Gilbert Cary Harvey III's petition to modify child custody rights awarded to Francis-Rolle in the parties' prior divorce decree.[1] After a bench trial, the court modified the divorce decree by granting Harvey custody of the parties' minor child and ordering Francis-Rolle to pay child support. The court also awarded attorney fees to Harvey in the amount of $15,250. For the following reasons, the appeal is dismissed in part; the court's order is affirmed in part, reversed in part, and vacated in part, and the vacated portion of the order is remanded.

1. Francis-Rolle contends that the court erred by granting

---

[1] During the pendency of Harvey's petition, Francis-Rolle filed a separate "Petition for Modification," which sought modification of the court's prior order on Harvey's petition placing temporary custody of the child with Harvey. The court's final order was a consolidated ruling on both petitions.

custody of the child to Harvey. The child was 17 years old when the court granted custody to Harvey and turned 18 years of age shortly after the appeal was docketed. Because at 18 years the child has reached the age of legal majority and is no longer subject to the custody order, this issue is moot. OCGA § 39-1-1 (a) (age of legal majority is 18 years); OCGA § 19-7-1 (a) (at age 18 child no longer in the custody or control of either parent). To the extent Francis-Rolle claims the custody award was error, the appeal is dismissed.

2. Francis-Rolle contends that the trial court erred by ordering her to pay child support to Harvey after the child reached the age of 18 years. The court ordered Francis-Rolle to pay Harvey child support in the amount of $628 per month "until the child reaches the age of 18 or graduates from secondary school, whichever occurs last." Under OCGA § 19-6-15 (e),

> [t]he duty to provide support for a minor child shall continue until the child reaches the age of majority, dies, marries, or becomes emancipated, whichever occurs first; provided, however, that, in any temporary, final, or modified order for child support with respect to any proceeding for divorce, separate maintenance, legitimacy, or paternity entered on or after July 1, 1992, the court, in the exercise of sound discretion, may direct either or both parents to provide financial assistance to a child who has not previously married or become emancipated, who is enrolled in and attending a secondary school, and who has attained the age of majority before completing his or her secondary school education, provided that such financial assistance shall not be required after a child attains 20 years of age.

"[U]nder the plain language of the statute, child support obligations may be extended under certain circumstances for 'a child who has attained the age of majority,' and that obligation will terminate 'after a child attains 20 years of age.' " *Ferguson v. Ferguson*, 267 Ga. 886, 887 (485 SE2d 475) (1997). The purpose of the statute is to give the court discretion to recognize continuing parental responsibility to financially assist a child over the age of 18 to complete secondary school education. *Draughn v. Draughn*, 288 Ga. 734 (707 SE2d 52) (2011). Francis-Rolle does not assert that the child is not enrolled in and attending secondary school. To the extent the court exercised its discretion to extend the child support obligation under OCGA § 19-6-15 (e) after the child attained the age of 18 years, we find no abuse of discretion and affirm. The court's order, however, requires Francis-Rolle to pay support for this purpose without limit as to age and without recognizing "that such financial assistance shall not be

required after a child attains 20 years of age." OCGA § 19-6-15 (e). We reverse the court's order to the extent it would impose this support obligation after the child attains 20 years of age.

3. Francis-Rolle contends the court erred in awarding attorney fees to Harvey. Harvey did not state the statutory basis upon which he sought attorney fees, and the court did not set forth any statutory basis or other findings when it awarded Harvey attorney fees in the amount of $15,250 in its final order. Although Harvey's attorney stated at the bench trial that he submitted an affidavit to the court supporting the award of attorney fees, there is no affidavit in the record and no evidence supporting the court's award of attorney fees. "Generally an award of attorney fees is not available unless supported by statute or contract." *Cason v. Cason*, 281 Ga. 296, 299 (637 SE2d 716) (2006). In orally awarding attorney fees at the bench trial, the court found that Francis-Rolle had engaged in "stubborn litigiousness." Harvey argues that this authorized the court to award attorney fees under OCGA § 13-6-11, which provides for the award of expenses of litigation to the plaintiff where the defendant has been "stubbornly litigious." But OCGA § 13-6-11 applies to actions on contract. The court was not authorized to award attorney fees pursuant to OCGA § 13-6-11 because Harvey's modification petition was not a contract action, but an action on the parties' divorce decree, which incorporated the parties' divorce agreement. *Waits v. Waits*, 280 Ga. App. 734, 736 (634 SE2d 799) (2006).

> Alternatively, OCGA § 9-15-14 (b) authorizes a court to award attorney fees if it finds that a party "brought or defended an action, or any part thereof, that lacked substantial justification or . . . was interposed for delay or harassment, or if it finds that . . . (a) party unnecessarily expanded the proceeding by other improper conduct." An order awarding attorney fees under OCGA § 9-15-14 must include findings of conduct that authorize the award.

*Cason*, 281 Ga. at 300; see *Nuckols v. Nuckols*, 226 Ga. App. 194 (486 SE2d 194) (1997) (award of attorney fees under OCGA § 9-15-14 in child custody modification petition). Moreover, before awarding attorney fees against a party under OCGA § 9-15-14 (b), the party is entitled to an evidentiary hearing upon due notice that permits an opportunity to confront and challenge the value and need of the claimed legal services. *Williams v. Cooper*, 280 Ga. 145, 146 (625 SE2d 754) (2006). The means of giving due notice is a motion by the party seeking the fees or other notice that the trial court is considering its own motion. Id. The record shows no proper notice and no opportunity for a hearing given to Francis-Rolle with respect

to the award of attorney fees. Accordingly, the award of attorney fees is vacated and the case is remanded to the superior court with direction that a hearing be conducted upon proper notice, and that, if attorney fees are awarded, the award include an explanation of the statutory basis and findings necessary to support the award. *Cason*, 281 Ga. at 300; *Cooper*, 280 Ga. at 146-147.

4. The remaining enumeration of errors are deemed abandoned because they are not supported by argument, citation of authority, or reference to the record. Court of Appeals Rule 25 (c).

*Appeal dismissed in part. Judgment affirmed in part, reversed in part, and vacated in part. Case remanded with direction. Phipps, P. J., and McFadden, J., concur.*

DECIDED MAY 5, 2011.

Sonia Francis-Rolle, *pro se*.
*William M. Ordway*, for appellee.