**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 28, 2013**

# In the Court of Appeals of Georgia

A12A2467. BRABANT v. PATTON.

RAY, Judge.

Angela Brabant takes this appeal from the trial court's order on Phillip Patton's petition for declaratory judgment and petition for citation of contempt involving issues of custody, visitation, and support.[1] For the reasons that follow, we reverse.

The record shows that Brabant and Patton were granted a divorce on December 19, 1997, in Muscogee County. Pursuant to the terms of their divorce, Patton was named the primary physical custodian of the parties' two minor children, Allison Marie Patton, born May 12, 1991, the subject of the instant action, and her younger

---

[1] In this appeal, Brabant only challenges the trial court's ruling as it relates to the issues of guardianship, custody and visitation. She does not address the issue of support that was raised in the petition for contempt, which the trial court transferred to another venue for resolution. Thus, our decision does not affect the portion of the contempt action relating to support.

brother. The terms of the divorce also, in pertinent part, required Brabant to pay child support to Patton until Allison reached eighteen years of age, unless she became eighteen years of age while still attending secondary school, in which case support continued until she graduated from secondary school or attained twenty years of age, whichever first occurred.

On July 5, 2010, Patton sent Allison, then 19, and her brother to visit Brabant in Spokane, Washington, where Brabant resided. The children were scheduled to return to Georgia on August 2, 2010. It is undisputed that Allison is mentally challenged and will require care and supervision for the rest of her life. Brabant did not return Allison to Patton at the scheduled time, but instead, on July 22, 2010, Brabant filed a petition for limited guardianship of Allison in the Superior Court of Spokane County, Washington, asserting that Allison had made an independent determination to remain in Washington. In response, Patton filed a "Petition for Declaratory Judgment [and] Petition for Citation of Contempt" in the Superior Court of McIntosh County, Georgia where he resides and where Allison resided prior to traveling to Washington to visit her mother. The petition sought a declaration that Patton was the lawful custodial parent of Allison and that Brabant is required to pay child support until Allison is 20 years old. It also sought an order finding Brabant in

2

contempt for failing to pay child support and failing to comply with the custody provisions of the parties' divorce decree. Brabant filed an answer and counterclaim and also made an oral motion to dismiss Patton's petition based on lack of jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.

On September 23, 2010, the trial court issued an order implicitly denying Brabant's motion to dismiss. In that order, the trial court determined that the McIntosh Superior Court had jurisdiction to determine the guardianship of Allison and that "[u]ntil otherwise decided by the [c]ourts, Drew Patton is the primary custodial parent and natural guardian of Allison Marie Patton." Thus, the trial court ordered Brabant to return Allison to Patton within 15 days of the order's entry, although the court noted that Brabant was free to file a petition for guardianship in McIntosh County. The trial court also transferred the contempt portion of the petition to Muscogee County pursuant to the Uniform Rules of Superior Court.

1. Brabant contends that the trial court erred in failing to dismiss Patton's petition as it relates to custody and visitation. We agree.

Patton filed his petition seeking a declaration that he is the lawful custodial parent of Allison and requesting that Brabant be held in contempt, in part, for

3

violating the custody/visitation provisions of the parties' divorce decree. However, at the time Patton filed his petition, Allison had already reached the age of legal majority[2] and was no longer in the custody or control of either parent.[3] Furthermore, the custody/visitation provisions of the parties' divorce decree had likewise expired. Brabant presented this argument before the trial court in her motion to dismiss and preserved this argument in her enumeration of error on appeal. Because all issues involving custody and visitation in this case had been terminated by operation of law before the petition was filed, the trial court erred in failing to dismiss the portions of the petition relating to custody and visitation on these asserted grounds.[4]

2. Based on our holding in Division 1, we need not address Brabant's remaining enumerations of error.

*Judgment reversed. Miller, P. J., and Branch, J., concur.*

---

[2] OCGA § 39-1-1 (a).

[3] OCGA § 19-7-1 (a).

[4] See *Francis-Rolle v. Harvey*, 309 Ga. App. 491, 491-492 (1) (710 SE2d 659) (2011) (The issue of custody rendered moot when the child reached the age of majority and was no longer subject to the custody order).