S13A1074. BABIES RIGHT START, INC. v. GEORGIA DEPARTMENT OF PUBLIC HEALTH.
(748 SE2d 404)

</div>

NAHMIAS, Justice.
   Babies Right Start, Inc. ("BRS") appeals the trial court's order denying its claims for mandamus, injunctive, and declaratory relief against BRS's one-year administrative disqualification from participation in a federal benefits program administered by the State. However, the disqualification period ended almost a year ago, rendering moot the relief that BRS requested; BRS did not seek an award of damages (other than attorney fees) in the trial court; and this case does not fall within the narrow exception to mootness for disputes that are capable of repetition, yet evade judicial review. This case is now moot, and we therefore vacate the trial court's judgment and remand the case with direction that it be dismissed.
   1. The Georgia Department of Public Health administers the federal Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC") in Georgia.[1] On March 3, 2009, the Department entered into a vendor agreement with Babies Right Start, Inc., authorizing BRS to serve as a WIC vendor until September 30, 2010. On five occasions from January 26 to July 7, 2010, a Department investigator visited BRS's store and allegedly found multiple WIC

---

[1] Prior to July 1, 2011, the Department's WIC functions were performed by the *Division* of Public Health of the Georgia Department of Community Health. See Ga. L. 2011, p. 705, § 3-1. For simplicity's sake, we will refer to both entities as the "Department."

violations. On November 9, 2010, the Department issued a notice disqualifying BRS as a WIC vendor for one year.

BRS exercised its right under the Georgia Administrative Procedure Act ("APA") to appeal the disqualification through the Office of State Administrative Hearings. See OCGA § 50-13-42 (a); Ga. Comp. R. & Regs. r. 111-9-1-.06 (1) (2010). An administrative law judge ("ALJ") conducted an evidentiary hearing and then in February 2011 issued an order in the Department's favor with respect to most of the alleged WIC violations. However, the ALJ concluded that the Department used the wrong sanction schedule, reversed the one-year disqualification, and remanded the action to the Department with direction to instead put BRS on probation for six months.

Pursuant to OCGA § 50-13-17 (a), the Department applied for review of the ALJ's decision by the Agency Appeals Reviewer. BRS filed a motion to dismiss on the ground that the ALJ's decision was the "final State agency action" under 7 CFR § 246.18 (e) and, to the extent the Georgia APA authorized further administrative review, it was preempted by the federal regulation. In April 2011, the Reviewer issued an order denying the motion to dismiss and reversing the ALJ's decision, thereby upholding BRS's one-year disqualification.

BRS then filed a complaint in the Superior Court of Fulton County, challenging the Agency Appeals Reviewer's decision on the grounds that 7 CFR § 246.18 (e) preempted the Georgia APA's authorization of further administrative review of the ALJ's decision and that the Reviewer erred on the merits by concluding that the Department used the correct sanction schedule in imposing the one-year WIC disqualification. On October 17, 2011, the trial court issued a final order denying BRS's claims.

BRS filed an application for discretionary appeal in the Court of Appeals, but BRS did not seek an injunction pending appeal from either the trial court or the appellate court in an effort to preserve the status quo. See OCGA § 9-11-62 (c) and (e). As a result, BRS's one-year WIC disqualification took effect.

On December 2, 2011, the Court of Appeals granted BRS's application for discretionary appeal, and BRS filed a notice of appeal to that court. On July 19, 2012, however, the Court of Appeals transferred the case to this Court on the ground that BRS's preemption argument brings the appeal under our constitutional question jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); *Ward v. McFall*, 277 Ga. 649, 651 (593 SE2d 340) (2004). Because the Court of Appeals lacks jurisdiction over this case and consequently lacked authority to grant BRS's application to appeal, on December 14, 2012, this Court entered an order striking the granted appeal from our docket and directing our Clerk to re-docket the case as a discretionary

application. We granted the application on January 14, 2013, and BRS filed a timely notice of appeal to this Court. On May 23, 2013, the Department filed a "Suggestion of Mootness," and on June 3, 2013, BRS filed a response.

2. (a) The Department contends that this case is moot based on the expiration of BRS's one-year disqualification from the WIC program and BRS's alleged voluntary withdrawal from the federal food stamp program (SNAP), which would bar BRS from being a WIC vendor. BRS disputes that it voluntarily withdrew from SNAP but does not dispute that its WIC disqualification has long since expired. Consequently, BRS's claims for mandamus and injunctive relief to stop that disqualification and for a declaratory judgment that the disqualification was improper are clearly now moot; if granted, such relief would have no effect. See *Citizens to Save Paulding County v. City of Atlanta*, 236 Ga. 125, 125 (223 SE2d 101) (1976) ("When injunctive relief is denied at the trial level, and injunctive relief pending appeal is not allowed by either the trial court or the Supreme Court, . . . there is no legal prohibition against the consummation of the act or transaction. And once the act or transaction has been consummated, an appeal from the judgment that denied injunctive relief becomes moot."). BRS's complaint also specifically prayed for attorney fees, but such a prayer, without an actual award of fees, does not preclude a determination that the case is moot, and BRS does not contend otherwise. See *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F3d 135, 141 n.4 (2d Cir. 1994) (citing *Lewis v. Continental Bank Corp.*, 494 U. S. 472, 480 (110 SCt 1249, 108 LE2d 400) (1990)).

(b) BRS argues that the case is not entirely moot, however, because the complaint also prayed for "such other and further relief as [the trial court] may deem necessary or proper" and BRS allegedly suffered damages after the trial court entered its final order and the WIC disqualification went into effect. BRS notes in this respect that the statute of limitation on a claim for breach of contract against the Department has not yet expired. The problem with this argument is that BRS did not pray for damages and BRS did not obtain a ruling from the trial court on whether a damages claim could come within the complaint's general prayer for relief. BRS also did not seek to amend the complaint after the trial court entered its order to add a prayer for damages or a count for breach of contract. Instead, BRS elected to appeal. Even now, in response to the Department's suggestion of mootness, BRS says only that it might seek damages from the Department for breach of contract at some point in the future.

We decline to read into BRS's complaint a prayer for damages that is not there. Notice pleading has its limits. One of those limits is expressed in OCGA § 9-11-8 (a) (2) (B), which says that "any pleading

which sets forth a claim for relief . . . shall contain . . . [a] demand for judgment for the relief to which the pleader deems himself entitled." Applying the similar federal pleading rule, see Fed. R. Civ. P. 8 (a) (3), many courts have held that a general prayer for other relief does not operate to avoid mootness where there was no specific prayer for damages. See *Lillbask ex rel. Mauclaire v. Conn. Dept. of Education*, 397 F3d 77, 89-91 (2d Cir. 2005); *Seven Words LLC v. Network Solutions*, 260 F3d 1089, 1097-1098 (9th Cir. 2001) (collecting cases). See also *Arizonans for Official English v. Arizona*, 520 U. S. 43, 71 (117 SCt 1055, 137 LE2d 170) (1997) (cautioning that "a claim for nominal damages, extracted late in the day from [a plaintiff's] general prayer for relief and asserted solely to avoid otherwise certain mootness, [bears] close inspection"). Under OCGA § 9-11-15 (a) and (b), the trial court is given discretion to allow amendments to the pleadings after the entry of a pretrial order or based on the evidence presented at trial, even if the adverse party does not consent, and the appellate court may review such a decision only for manifest abuse of discretion. See *Glynn-Brunswick Mem. Hosp. Auth. v. Gibbons*, 243 Ga. App. 341, 346 (530 SE2d 736) (2000). For this Court to decide in the first instance that BRS has a viable claim for damages would in effect grant BRS leave to amend its complaint, inverting the proper roles of the trial and appellate courts. See *Z Channel Ltd. Partnership v. Home Box Office, Inc.*, 931 F2d 1338, 1346 (9th Cir. 1991) (Kozinski, J., dissenting).

In short, there is no claim for damages in this case as it stands to keep it alive now that BRS's disqualification from the WIC program has ended. BRS's claim for damages that allegedly occurred post-judgment is simply "too little, too late" to save this case from mootness. *Thomas R.W. v. Mass. Dept. of Education*, 130 F3d 477, 480 (1st Cir. 1997).

(c) BRS also invokes the well-established but narrow exception to mootness for disputes that are "capable of repetition, yet evading review." *Fed. Election Comm. v. Wisc. Right to Life, Inc.*, 551 U. S. 449, 462 (127 SCt 2652, 168 LE2d 329) (2007); *Bowers v. Bd. of Regents of Univ. Sys. of Ga.*, 259 Ga. 221, 222, n.1 (378 SE2d 460) (1989). As for this dispute being capable of repetition, BRS does not assert that it expects to be subject to the same sort of administrative action again, and we will not assume that BRS intends to violate the WIC program rules in the future, triggering a similar case. Moreover, the WIC vendor agreements and the sanction schedule have changed since this case began. As to evading full judicial review, BRS did not even request an injunction pending appeal from the trial court or either appellate court to try to keep the disqualification order from going into effect. Furthermore, if BRS had not filed its application for

discretionary appeal in the wrong appellate court, this appeal likely would have been decided on the merits prior to the expiration of the one-year disqualification period. There is no reason to believe that a case raising the same legal issues in the future would evade judicial review, including review on appeal, if properly litigated.

(d) When a civil case becomes moot pending appellate review due to happenstance — circumstances not attributable to the parties, like the mere passage of time — rather than by settlement of the dispute or voluntary cessation of the challenged conduct by the prevailing party below, the better practice is to vacate the judgment under review and remand with direction that the case be dismissed by the trial court. See *Arizonans for Official English*, 520 U. S. at 71. This has the effect of clearing the field and preventing " 'a judgment, unreviewable because of mootness, from spawning any legal consequences.' " *WMW, Inc. v. American Honda Motor Co.*, 291 Ga. 683, 685 (733 SE2d 269) (2012) (quoting *United States v. Munsingwear, Inc.*, 340 U. S. 36, 41 (71 SCt 104, 95 LE 36) (1950)). Accordingly, we vacate the trial court's judgment as moot and remand the case with direction to dismiss it. We express no opinion on the merits of BRS's claims on appeal or on any right it might have to bring an action for damages against the Department in the future.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Gillen, Parker & Withers, Anthony C. Lake*, for appellant.
*Samuel S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Jason S. Naunas, Assistant Attorney General*, for appellee.