# Court of Appeals
# of the State of Georgia

ATLANTA,  February 16, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1124.  C. DEAN ALFORD et al. v. RIGOBERTO RIVERA HERNANDEZ et al.

C. Dean Alford and other members of the University System of Georgia's Board of Regents (collectively, "Board Members") filed this appeal for review of a superior court's order compelling them to grant "in-state tuition status" to Rigoberto Rivera Hernandez and other non-citizens who qualified to receive benefits granted by the federal Deferred Action for Childhood Arrivals program (collectively, "DACA Recipients").  For reasons that follow, this appeal is transferred to the Supreme Court of Georgia for disposition.[1]

Denied in-state tuition status on the basis that they did not meet the residency requirements set forth in the Board of Regents ("BOR") Policy Manual, the DACA Recipients petitioned the superior court for a writ of mandamus to compel the Board Members to correctly implement and give proper effect to OCGA § 20-3-66 (d)[2] and certain BOR rules.  The DACA Recipients claimed that, pursuant to DACA, they were lawfully present in the United States; and that, by refusing to accept such federal definition of "lawful presence" in determining in-state tuition eligibility, the Board

---

[1] The Board Members also filed a discretionary application seeking review of the same order.  That application, docketed in this Court as A17D0237, was transferred on February 3, 2017 to the Supreme Court of Georgia for disposition.

[2] ("Noncitizen students shall not be classified as in-state for tuition purposes unless the student is legally in this state and there is evidence to warrant consideration of in-state classification as determined by the board of regents. . . .").

Members had failed to discharge their public duty.

The Board Members filed a motion to dismiss, asserting, inter alia, that: (i) DACA's grant of "lawful presence" was limited to federal immigration matters such as deportation and conferred no substantive right, immigration status, or pathway to citizenship; (ii) the BOR was vested with broad powers to determine in-state tuition eligibility, and the decision to deny in-state tuition status to the DACA Recipients was authorized by OCGA § 20-3-66 (d), as well as certain BOR rules; and (iii) the BOR exercises its discretion to "grant[ ] in-state tuition to those 'legally in this state' and links its definition to recognized categories of lawful immigration status."

The DACA Recipients filed a motion for summary judgment, claiming entitlement to a writ of mandamus.

A primary question thus presented to the superior court by the parties' dispositive motions was whether, for purposes of determining in-state tuition eligibility, the federal DACA program foreclosed the state officials' particular application of OCGA § 20-3-66 (d) and certain rules upon the DACA Recipients. The superior court denied the Board Members' dismissal motion and granted the DACA Recipients' summary judgment motion, expressly ruling that the Board Members were "compelled to . . . apply[ ] the federal definition of lawful presence as it relates to students who are DACA recipients and to grant them in-state tuition status."

It appears, therefore, that the parties' arguments raised, and the superior court ruled upon, issues of preemption. In *Babies Right Start v. Ga. Dept. of Pub. Health*,[3] the Supreme Court of Georgia indicated that it has constitutional question jurisdiction over preemption cases such as this, which implicate the Supremacy Clause of the United States Constitution.[4] In accordance therewith,[5] this appeal is hereby

---

[3] 293 Ga. 553 (748 SE2d 404) (2013).

[4] Id. at 554 (1) (finding a "preemption argument brings the appeal under [its] constitutional question jurisdiction"), citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1) and *Ward v. McFall*, 277 Ga. 649, 651 (1) (593 SE2d 340) (2004) (noting that the trial court had explicitly refused to apply a state statute based on its finding that the statute was

TRANSFERRED to the Supreme Court of Georgia for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__02/16/2017_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*

inconsistent with a federal regulation, and therefore, in violation of the Supremacy Clause; explaining that the trial court's order "[could not] be construed to be anything other than a declaration that [the statute was] unconstitutional under the Supremacy Clause"; thus determining that the case fell within Georgia Supreme Court's jurisdiction). See also *Toll v. Moreno*, 458 U. S. 1, 10-17 (II) (102 SCt 2977, 73 LE2d 563) (1982); *Ariz. Dream Act Coalition v. Brewer*, 818 F3d 901 (9th Cir. 2016).

[5] See *Saxton v. Coastal Dialysis &c.*, 267 Ga. 177, 178 (476 SE2d 587) (1996) (Supreme Court has the ultimate responsibility for determining appellate jurisdiction).