# Court of Appeals
# of the State of Georgia

ATLANTA,  March 17, 2017

*The Court of Appeals hereby passes the following order:*

## A17A0382.  RES-GA LOGANVILLE, LLC v. PANOLA CROSSINGS, LLC et al.

Multibank 2009-1 RES-ADC Venture, LLC obtained a default judgment against Winston Deloney.  It later assigned the judgment to RES-GA Loganville, LLC, which filed a complaint to set aside allegedly fraudulent cash transfers that Deloney had made to multiple other defendants.  The trial court granted motions to dismiss filed by several defendants on the ground that OCGA § 44-12-24 prohibits an assignee of a debt from seeking to set aside an allegedly fraudulent conveyance that occurred before the debt was assigned.  The trial court expressly rejected RES-GA Loganville, LLC's argument that the federal Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA")[1] preempted Georgia law in this case.[2]  The court certified its orders as final under OCGA § 9-11-54 (b).

RES-GA Loganville, LLC filed a notice of appeal to the Supreme Court of Georgia stating that the case fell within that Court's equity jurisdiction.  The Supreme Court transferred the case here, ruling as follows: "[T]he trial court did not rule on appellant's claim for equitable relief and the issues on appeal relate to whether the

---

[1] Pub. L. No. 101-73, 103 Stat. 183 (codified as amended in various sections of 12 USC).

[2] The trial court ruled that we rejected the same preemption argument made here in our decision in *RES-GA Hightower, LLC v. Golshani*, 334 Ga. App. 176 (778 SE2d 805) (2015).  But in *Golshani*, we concluded that the appellant had waived the preemption argument by failing to raise it in the trial court.  Id. at 182 (2).

appellant has standing to bring its claims, so this case is not within this Court's equity jurisdiction." The Supreme Court was not asked to, and did not, consider whether it might have jurisdiction over the case on a different basis.

The parties' briefs show that a primary issue on appeal is whether FIRREA preempts OCGA § 44-12-24. "The preemption doctrine is a product of the Supremacy Clause, see U. S. Const., Art. VI, Cl. 2, which invalidates state laws that interfere with, or are contrary to, federal law." *Norfolk Southern R. Co. v. Zeagler*, 293 Ga. 582, 598 (3) (2) (748 SE2d 846) (2013) (punctuation omitted). Whether federal law preempts a Georgia statute and renders the statute unconstitutional under the Supremacy Clause is an issue that "brings the appeal under [Georgia Supreme Court's] constitutional question jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)." *Babies Right Start v. Ga. Dept. of Pub. Health*, 293 Ga. 553, 554 (1) (748 SE2d 404) (2009), citing *Ward v. McFall*, 277 Ga. 649, 651 (1) (593 SE2d 340) (2004).

Because the FIRREA preemption question was "raised and distinctly ruled upon in the trial court," *Jenkins v. State*, 284 Ga. 642, 643 (1) (670 SE2d 425) (2008), this case appears to fall within the Supreme Court's jurisdiction over constitutional questions. Moreover, that Court has the ultimate responsibility for determining appellate jurisdiction. See *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996). Accordingly, this appeal is hereby TRANSFERRED to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   03/17/2017                *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



, *Clerk.*