In the Supreme Court of Georgia

Decided: December 14, 2021

S22A0144.  MCALISTER V. CLIFTON.

ELLINGTON, Justice.

Erin McAlister appeals from trial court orders awarding Wendi Clifton, McAlister's former domestic partner, visitation rights to McAlister's adopted daughter, Catherine, pursuant to the equitable caregiver statute, OCGA § 19-7-3.1.[1] McAlister contends the trial court erred in declaring the statute "constitutional, both facially and as applied to [Clifton]," as well as finding that Clifton had standing to seek visitation rights as Catherine's equitable caregiver. However, Catherine is now an adult, having turned 18 years old prior to the docketing of this appeal, and the parties agree that this fact rendered moot McAlister's challenge to the award of

_____

[1] Clifton did not formally adopt Catherine and she does not contend that she is Catherine's legal parent.

visitation rights.[2] We conclude that the case is moot, and we therefore vacate the trial court's orders and remand the case to the trial court with direction that the case be dismissed.

The record shows that, on January 25, 2021, the trial court entered an order denying McAlister's motion to dismiss Clifton's petition for visitation with Catherine, rejecting McAlister's challenge to the constitutionality of OCGA § 19-7-3.1.[3] Also on

---

[2] McAlister moved the trial court to set aside a portion of the final order granting Clifton visitation after Catherine's eighteenth birthday, citing *Francis-Rolle v. Harvey*, 309 Ga. App. 491, 492 (1) (710 SE2d 659) (2011). Clifton conceded that her right to visitation terminated by operation of law when Catherine reached the age of majority, and the trial court granted the motion. Thus, as discussed below, this portion of the final order is already a nullity.

[3] The equitable caregiver statute provides that a court may adjudicate an individual to be an equitable caregiver if, among other things, the individual shows by clear and convincing evidence that he or she has:

> (1) Fully and completely undertaken a permanent, unequivocal, committed, and responsible parental role in the child's life;
> (2) Engaged in consistent caretaking of the child;
> (3) Established a bonded and dependent relationship with the child, which relationship was fostered or supported by a parent of the child, and such individual and the parent have understood, acknowledged, or accepted that or behaved as though such individual is a parent of the child;
> (4) Accepted full and permanent responsibilities as a parent of the child without expectation of financial compensation; and
> (5) Demonstrated that the child will suffer physical harm or long-term emotional harm and that continuing the relationship

January 25, the trial court issued its "Final Order on Equitable Caregiver," in which it found that Clifton had satisfied the statute's criteria for standing as an equitable caregiver, and it awarded her "parenting time" with Catherine. The orders did not grant Clifton any rights beyond visitation. McAlister appealed to the Court of Appeals, which transferred the case to this Court.[4] Thereafter, we directed the parties to file supplemental briefs regarding whether this appeal is moot. See *In the Interest of M. F.,* 305 Ga. 820 (828 SE2d 350) (2019) ("Mootness is an issue of jurisdiction and thus must be determined before a court addresses the merits of a claim." (citation and punctuation omitted)); *Byrd v. Goodman*, 192 Ga. 466, 466 (15 SE2d 619) (1941) ("[I]t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (citation and

---

between such individual and the child is in the best interest of the child.

OCGA § 19-7-3.1 (d).

[4] The Supreme Court of Georgia has exclusive jurisdiction over cases challenging the constitutionality of a statute. See Ga. Const. of 1983, Art. VI, Sec VI, Par. II (1).

3

punctuation omitted)).

Clifton contends that this appeal is moot because McAlister's daughter is now legally an adult and no longer in the custody or control of her parent. We agree.

> When the resolution of a case would be tantamount to the determination of an abstract question not arising upon existing facts or rights, then that case is moot. When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed.

(Citations and punctuation omitted.) *M. F.,* 305 Ga. at 820. In a case factually similar to this case, the Court of Appeals explained why it was required to dismiss as moot an appeal from a custody order:

> The child was 17 years old when the [trial] court granted custody to Harvey and turned 18 years of age shortly after the appeal was docketed. Because at 18 years the child has reached the age of legal majority and is no longer subject to the custody order, this issue is moot. OCGA § 39-1-1 (a) (age of legal majority is 18 years); OCGA § 19-7-1 (a) (at age 18 child no longer in the custody or control of either parent). To the extent Francis-Rolle claims the custody award was error, the appeal is dismissed.

*Francis-Rolle v. Harvey*, 309 Ga. App. 491, 492 (1) (710 SE2d 659)

(2011).[5]

McAlister argues that her appeal is not moot because Clifton's "status" as an equitable caregiver continues beyond Catherine's eighteenth birthday, which presents a question concerning Clifton's existing parental rights. McAlister has cited no law in support of this argument, and the trial court made no finding in either order that Clifton had continuing parental rights as an equitable caregiver. Rather, in its final order, the court found that Clifton had "standing" to seek "parenting time" as an equitable caregiver because she had satisfied the statutory criteria for such an award of visitation. The court did not award Clifton any rights beyond visitation, and the visitation award has since terminated by operation of law. See *Francis-Rolle*, 309 Ga. App. at 492 (1). Hence, the portion of the trial court's final order awarding visitation is already a nullity. McAlister also argues that Clifton is using the fact

---

[5] As explained below, the better practice would have been for the Court of Appeals to vacate the trial court's order rather than simply dismissing the appeal from the order.

5

that she was previously awarded visitation as an equitable caregiver to gain an advantage in a guardianship matter involving her daughter in the Probate Court of DeKalb County.[6] However, McAlister has not shown that the trial court's final order granting Clifton parenting time with Catherine would have any collateral consequence in the pending guardianship matter.[7] See *In the Interest of I. S.,* 278 Ga. 859, 862 (607 SE2d 546) (2005) (a matter does not become moot if adverse collateral consequences continue to plague the affected party).

McAlister also argues that this Court has recognized certain public policy "exceptions" to the doctrine of mootness and that we should apply those exceptions to hold that her appeal is not moot. To be clear, although we have sometimes used the word, there are no true "exceptions" to the mootness doctrine, which is a

---

[6] Although Catherine is now an adult, McAlister contends that her daughter is in need of a guardian to protect her health and safety.

[7] Who should act as the guardian of an incapacitated adult is for the probate court to determine. See OCGA § 29-4-1 et seq. The order of preference for selecting a guardian is set forth in OCGA § 29-4-3 (b). Preference is given to a "parent" over a "friend, relative, or other individual," although the probate court may deviate from the order of preference for good cause. See OCGA § 29-5-3 (a). "Equitable caregiver" is not listed in OCGA § 29-4-3 (b).

jurisdictional doctrine rooted in the common law and the separation of powers; rather, "we have recognized circumstances where cases that may appear to be moot are nonetheless viable due to the particular nature of the litigated issue." *M. F.,* 305 Ga. at 821. As we have explained, "a case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights." (Citation and punctuation omitted.) *Collins v. Lombard Corp.,* 270 Ga. 120, 121 (1) (508 SE2d 653) (1998). So, when a case contains an issue that is capable of repetition yet evades review, the issue is not moot "because a decision in such a case would be based on existing facts or rights which affect, if not the immediate parties, an existing class of sufferers." (Citation and punctuation omitted.) Id. at 121-122 (1). Contrary to McAlister's argument, this case is not one that affects an existing class of persons suffering harm as a result of the statute. While the question of the constitutionality of the equitable caregiver statute may well be raised again, there is no reason to believe that it will evade review. Any time a person seeks custody or visitation pursuant to the

equitable caregiver statute, the opposing party may challenge the constitutionality of the statute and the court may consider it, just as the trial court did in this case. See id. at 122 (2) (the underlying issue of the constitutionality of a statute imposing a tax could be raised by other parties in a suit for a refund).

McAlister also argues that this case presents an issue of such significance that the public interest demands that we address the constitutionality of the statute immediately. She relies on *Hopkins v. Hamby Corp.*, 273 Ga. 19 (538 SE2d 37) (2000), in which we noted that

> [o]ther states have adopted a rule that permits them to decide an appeal in a moot case where the case contains an issue of significant public concern or an issue that might avert future litigation. The courts find justification for deciding issues raised in moot cases when (1) the public interest will be hurt if the question is not immediately decided; (2) the matter involved is likely to recur frequently; (3) it involves a duty of government or government's relationship with its citizens; and (4) the same difficulty that prevented the appeal from being heard in time is likely to again prevent a decision.

(Footnotes omitted.) Id. Assuming *Hopkins* is authority for a "significant public concern" rationale that could support the

8

continuing viability of McAlister's constitutional challenge to the equitable caregiver statute,[8] McAlister has failed to show that the challenge presented satisfies the criteria set forth in *Hopkins* – especially when trial courts are able to address the constitutionality of the statute when a petition is filed pursuant to it. See id.

Finally,

> [w]hen a civil case becomes moot pending appellate review due to happenstance – circumstances not attributable to the parties, like the mere passage of time – rather than by settlement of the dispute or voluntary cessation of the challenged conduct by the prevailing party below, the better practice is to vacate the judgment under review and remand with direction that the case be dismissed by the trial court.

---

[8] In *Collins*, we rejected the creation of ad hoc public policy rationales for rendering legal issues viable that would ordinarily be considered moot as "unnecessary and undesirable in that they foster uncertainty in the law and inappropriately serve to expand the jurisdiction of the court applying such exceptions[.]" *Collins*, 270 Ga. at 122-123 (3). And this Court has yet to expressly endorse the public policy rationale *alone* as a basis for considering an otherwise moot issue. In *Perdue v. Baker*, 277 Ga. 1 (586 SE2d 606) (2003), for example, although we noted that the case was of "significant public concern," we determined that the case was not moot for a number of reasons, including that the issue presented was one capable of repetition yet had evaded review. See id. at 3. See also *Ricks v. State*, 301 Ga. 171, 187 (4) (b) n.16 (800 SE2d 307) (2017) (Appellant's "core claim is a matter capable of repetition yet evading review," though it was also a matter of significant public concern. (citations and punctuation omitted)).

(Citations omitted.) *Babies Right Start, Inc. v. Georgia Dep't of Pub. Health*, 293 Ga. 553, 557 (2) (d) (748 SE2d 404) (2013) (vacating a judgment disqualifying the appellant from participating in a welfare program when the disqualification expired after a year, which mooted the appeal through happenstance). Vacating the judgment, instead of simply dismissing the appeal, has the effect "of clearing the field and preventing a judgment, unreviewable because of mootness, from spawning any legal consequences." (Citations and punctuation omitted.) Id. Accordingly, we vacate the trial court's orders as moot and remand the case to the trial court with direction to dismiss the case. We express no opinion on the merits of McAlister's challenge to the constitutionality of the equitable caregiver statute.

*Judgment vacated, and case remanded with direction. All the Justices concur, except Boggs, P. J., and McMillian, J., disqualified. Bethel, J., not participating.*