# Court of Appeals
# of the State of Georgia

ATLANTA,  May 11, 2023

*The Court of Appeals hereby passes the following order:*

## A23A0445. TATYANA ELLIS et al. v. ADELE GRUBBS.

This Court has issued numerous orders and opinions over the years in the domestic relations cases between Tatyana Ellis, her new husband, Troy Ellis, and her ex-husband, Kenneth Seaver. In April 2020, this Court affirmed the trial court's final rulings against the Ellises and in favor of Seaver in the Ellises' petitions to modify child custody and set aside portions of a 2014 divorce decree. *Ellis v. Seaver*, 355 Ga. App. XXII (Apr. 29, 2020) (unpublished). Most recently, we affirmed a trial court order assessing OCGA § 9-15-14 attorney fees against Tatyana Ellis as a result of her numerous, substantially frivolous, post-judgment filings, *Ellis v. Seaver*, Case No. A23A0123 (Mar. 20, 2023), but reversed the entry of OCGA § 9-15-14 attorney fees against Troy Ellis because he was not a party to the case, *Ellis v. Seaver*, Case No. A23A0125 (Mar. 20, 2023).

In this appeal, the Ellises challenge the trial court's dismissal of their pro se mandamus action, which they amended six times, against Adele Grubbs, the trial court judge handling the domestic relations cases.[1] The mandamus action sought to (i) force the judge to enter on the docket of the child custody proceeding an order that had been entered on the docket of the underlying divorce proceeding and (ii) impeach the judge based on her refusal to file the duplicate order in the child custody

---

[1] The Ellises filed their appeal in this Court, but requested that the appeal be transferred to the Supreme Court on the basis that the issues implicated constitutional questions. This Court transferred the case to the Supreme Court, which transferred it back to us after finding that its jurisdiction over constitutional questions was not invoked. *Ellis v. Grubbs*, S23A0292 (Dec. 20, 2022).

proceeding, her general "refus[al] to take [the Ellises'] allegations as true," and what they claim are improper rulings against them. We, however, lack jurisdiction over this appeal.

The sole minor child at issue in the underlying domestic relations cases turned 18 years old on March 25, 2023. Because at 18 years a child has reached the age of legal majority and is no longer subject to a custody order, any issues in this appeal, which is based on the trial judge's actions and/or inactions in the underlying child custody proceeding, are now moot. See OCGA § 39-1-1 (a) (age of legal majority is 18); see also OCGA § 19-7-1 (a) (at age 18 a child is no longer in the custody or control of either parent); *Francis-Rolle v. Harvey*, 309 Ga. App. 491, 492 (1) (710 SE2d 659) (2011) (custody appeal is moot once a child turns 18). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*   05/11/2023  

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

    *Stephen E. Castlen*          *, Clerk.*