# Court of Appeals
# of the State of Georgia

ATLANTA,  July 11, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1596.  JULIANNA PIECHOCZEK v. STEPHEN MILTON.

Julianna Piechoczek and Stephen Milton are the divorced parents of a child born in February 2007. In 2022, Milton filed a petition for modification of custody, parenting time, and child support. On December 27, 2024, the trial court entered a final order, awarding Milton attorney fees and child support and noting that the parties had entered into a consent parenting plan awarding Milton primary physical custody. In a separate order issued the same day, the trial court ordered Piechoczek to pay fees to the child's guardian ad litem. Piechoczek has filed a direct appeal from both orders. We, however, lack jurisdiction.

As a general rule, appeals in domestic relations cases must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2), (b). Although OCGA § 5-6-34 (a) (11) permits a direct appeal from child custody orders, when the order at issue on appeal does not involve child custody rulings, the appeal in a domestic relations case must be brought by discretionary application. *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (explaining that "the proper appellate procedure to employ depends upon the issue involved in the appeal"). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Here, Piechoczek cannot attack the custody order because she consented to the parenting plan. See *Hurt v. Norwest Mtg., Inc.*, 260 Ga. App. 651, 656 (1) (c) (580 SE2d 580) (2003) ("[N]o litigant will be heard to complain of an order or judgment of the court which [s]he procures or assists in procuring, unless it be made plainly to appear

that the consent of the party seeking to complain was obtained by fraud or mistake.")
(punctuation omitted). Moreover, any challenge Piechoczek now raises to custody is
moot because the child has since turned 18 years old. See *Francis-Rolle v. Harvey*, 309
Ga. App. 491, 492 (1) (710 SE2d 659) (2011) ("Because at 18 years the child has
reached the age of legal majority and is no longer subject to the custody order, this
issue is moot."). As to her remaining claims—that the trial court violated her due
process rights, erred in calculating child support and awarding fees, and was biased
against her—Piechoczek was required to file a discretionary application to garner
appellate review of the orders at issue. See *Voyles*, 301 Ga. at 47 (dismissing appeal
because custody was not an issue on appeal in domestic relations case and husband
failed to file a discretionary application); OCGA § 5-6-35 (a) (2), (b). Her failure to do
so deprives this Court of jurisdiction over this direct appeal, which is hereby
DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  07/11/2025

    *I certify that the above is a true extract from
the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court
hereto affixed the day and year last above written.*

_____ , *Clerk.*